# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| ESPERANZA O. DE RIVERA, | Case No.: CV 10-2417- SH |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the Social Security Commissioner's decision denying Plaintiff's application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Pursuant to 27 U.S.C. § 636(c), the parties have consented that the undersigned may handle the case. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Complaint and Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Complaint), and Defendant has filed the certified

1

transcript of record.  After reviewing the matter, the Court concludes that the Commissioner's decision should be affirmed.

Plaintiff Esperanza De Rivera ("Plaintiff") applied for Supplemental Security Income ("SSI") on December 18, 2006 and Disability Insurance Benefits ("DIB") on January 23, 2007, alleging inability to work since March 14, 2004.  (AR 65-76, 80-104).[1]  An administrative hearing was held on February 22, 2008. (AR 10-25).  On April 3, 2008, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning under the Social Security Act.  (AR 28-36).  Following the Appeals Council's denial of Plaintiff's request for a review of the hearing decision, Plaintiff filed an action in this Court. (AR 1-4).

Plaintiff challenges the ALJ's decision on the sole grounds that the ALJ erred at step four of the five-step sequential evaluation process by (1) insufficiently ascertaining the demands of Plaintiff's past relevant work and (2) improperly finding that Plaintiff could return to her past relevant work as a assembly line worker and housekeeper as actually performed.  For the reasons discussed below, the Court concludes that the Commissioner's decision should be affirmed.

The Social Security Regulations have established a five-step sequential evaluation process for determining whether a claimant is disabled. See SSR 82-62; 20 C.F.R. § 404.1520; see also Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  During step four, a claimant's Residual Functional Capacity ("RFC") assessment is compared with the physical and mental demands of the claimant's past relevant work to determine if the claimant is capable of performing her past work.  See SSR 82-62; 20 C.F.R. §§ 404.1520(f), 416.920(f), 404.1560(b), 416.960(b).  If the claimant's RFC enables her to perform past relevant work, either as actually or generally performed, the claimant will not be found to be

---

[1] "AR" herein refers to the Administrative Record.

2

disabled.  Id. at §§ 404.1520(f), 416.920(f); see also SSR 82-61; Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

In defining a claimant's past relevant work as actually performed, two informational sources may be used: (1) a properly completed vocational report, SSR 82-61; and (2) the claimant's own testimony.  See Pinto, 249 F.3d at 845; SSR 82-62 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining [the demands of past relevant work].").

Moreover, "[a]t step four, claimants have the burden of showing that they can no longer perform their past relevant work."  Id. at 844 (citing C.F.R. §§ 404.1520(f), 416.920(f)).  An ALJ, however, "still has a duty to make the requisite factual findings to support his conclusion . . . by looking at the residual functional capacity and the physical and mental demands of the claimant's past relevant work."  Id. at 844-45; see also Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986) ("To determine whether a claimant has the residual capacity [RFC] to perform his past relevant work, the Secretary must ascertain the demands of the claimant's former work and then compare the demands with his present capacity [RFC].").

As to Plaintiff's first claim of error, the Court finds that the ALJ sufficiently ascertained the demands of Plaintiff's past work.  The ALJ in this case instructed Dr. Ron Hatakeyama, a vocational expert, to ask Plaintiff questions to determine whether she had done any past work at a "light" RFC.[2] (AR 14).  Dr. Hatakeyama asked Plaintiff a series of questions concerning four of the jobs Plaintiff had previously identified, two of which were jobs as an assembly line worker and a housekeeper.  (AR 14-15). Dr. Hatakeyama asked

---

[2] The ALJ determined that Plaintiff had the RFC to perform "light" work, with limited (occasional) postural movements. (AR 32, 33, 35).  Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" 20 C.F.R. §§ 404.1567, 416.967(b), and "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10.

Plaintiff to describe what she did as an assembly line worker and to "include the physical demands." (AR 14). Dr. Hatakeyama also asked Plaintiff whether she stood "most of the day" and to estimate how many pounds she had to lift. (AR 15). With respect to Plaintiff's past work as a housekeeper, Dr. Hatakeyama asked Plaintiff whether she worked in a hotel or a home, whether she had to push a cart, and how much she had to lift. (AR 15-16).

In responding to Dr. Hatakeyama's questions, Plaintiff testified with an English/Spanish interpreter's assistance due to her illiteracy in English. Plaintiff specifically testified that the physical demands of her job as an assembly line worker did not require heavy lifting as she would lift approximately ten pounds. (AR 14-15). She also testified that she was required to put lids on little bottles, such as nail polish bottles and lipstick. (AR 14-15). With respect to her past work as a housekeeper, Plaintiff testified that she worked in both hotels and homes, and would not lift anything heavy. (AR 15-16). She testified that she was required to push a cart and "[j]ust make the beds . . . deal with the towels. Nothing heavy." (AR 16). In addition, Plaintiff testified that she was able to perform her past jobs as an assembly line worker and housekeeper, as actually performed, despite her inability to speak English. (AR 18-19).

In light of Dr. Hatakeyama's line of questioning and Plaintiff's testimony, the Court finds that the ALJ sufficiently ascertained the demands of Plaintiff's past work. The ALJ instructed Dr. Hatakeyama to ask Plaintiff specific questions concerning the physical demands of her past work. (AR 14-18). In response, Plaintiff described the physical demands of her past work as an assembly line worker and housekeeper as she actually performed them. (AR 14-16). Plaintiff's description about the demands of her past work as she actually performed them, gave the ALJ sufficient information to compare those demands with the Plaintiff's "light" RFC to determine whether she could return to her past

work as actually performed.[3] See Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also SSR 82-62 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining [the demands of past relevant work].").

    In addition, not only did the ALJ solicit testimony from the Plaintiff concerning the demands of her past work, but the ALJ produced useful vocational evidence to ascertain the demands of Plaintiff's past work, despite not being required to do so. Specifically, since the Court finds that Plaintiff had not satisfied her burden at step four of the five-step sequential evaluation process in showing that she was unable to perform her past work as actually performed (see discussion, infra), the ALJ was not required to produce vocational expert testimony. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (explaining that since the plaintiff failed to meet her burden at step four, "vocational expert testimony was [] useful, but not required"); see also Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985) ("The Secretary is required to produce vocational evidence only when the claimant has shown that he or she cannot perform any previous relevant work."). The ALJ in this case, however, produced vocational expert testimony through Dr. Hatakeyama, who testified that Plaintiff could return to her past work as both a hotel housekeeper and assembly line worker as actually performed. (AR 19).

    Accordingly, based on the foregoing circumstances, the Court concludes that the ALJ properly ascertained the demands of Plaintiff's past work as an assembly line worker and housekeeper.

    With respect to Plaintiff's second claim of error, she challenges the ALJ's finding that she could perform her past work as an assembly line worker and

---

[3] The ALJ did not rely on a vocational report pursuant to SSR 82-61 as an additional source to determine the demands of Plaintiff's past work as an assembly line worker or housekeeper, as actually performed, because the record did not contain such a report. Instead, the record contained a "Disability Report," which only described the demands of Plaintiff's past work as a grocery bagger. (See AR 84-91).

housekeeper as she *actually* performed them.[4]  As to Plaintiff's past work as an assembly line worker, Plaintiff asserts that the physical demands, as she actually performed them, required her to stand for eight hours during the workday. To support this proposition, Plaintiff solely relies on her testimony in which she said "only standing" when asked whether she stood "most of the day."  (AR 15). Plaintiff therefore asserts that she can no longer perform her past work as an assembler as she actually performed it (i.e., stand for eight-hours), because her "light" RFC restricts her to standing or walking to no more than six hours in an eight-hour work day.

The Court, however, finds Plaintiff's interpretation of her testimony -- that she actually stood eight-hours during an eight-hour workday as an assembler -- unconvincing.  The more plausible interpretation, given the language barrier (illiteracy in English) and the specific question asked (whether she stood *most* of the day), is that Plaintiff meant that she would stand for *most* of the workday, as opposed to the *entire* workday.   Under this interpretation, Plaintiff's description about the demands of her past work as an assembler would be consistent with the ALJ's "light" RFC finding, which requires standing or walking for *most* of an eight-hour workday (i.e., approximately six hours, taking into account lunch and other breaks).  In fact, Dr. Hatakeyama's understanding of Plaintiff's testimony supports the Court's interpretation, as evidenced in the vocational interrogatory report he prepared, which noted that Plaintiff described the physical demands of

---

[4] Plaintiff also asserts that the ALJ erred in finding that she could return to her past work as an assembly line worker as *generally* performed.  The Court, however, finds no evidentiary basis for this assertion. The ALJ's written opinion only evidences that she found Plaintiff capable of returning to her past work as an assembler as *actually* performed.  (AR 34-35).  Since the Court is limited to reviewing the reasons the ALJ specified in his or her opinion, it does not address whether Plaintiff could return to her past work as generally performed. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); see also Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) ("We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed.") (emphasis in original). In any event, since the Court finds that Plaintiff can return to her past work as an assembler as *actually* performed (see discussion, infra), it does not need to determine whether Plaintiff could return to her past work as generally performed.

an assembly line worker as she actually performed them at a "light" level.[5] (AR 106). Therefore, under this interpretation -- that Plaintiff stood most of the day as opposed to the entire day -- Plaintiff would be able to return to her past work as an assembler as actually performed.

In any event, even if Plaintiff's interpretation of her testimony was plausible, the Court's conclusion remains the same. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). In addition, Plaintiff has not cited any other evidence to show that she satisfied her burden of proof at step four of the five-step sequential evaluation process -- that she was unable to return to her past work as an assembly line worker as actually performed. See Pinto, 249 F.3d 840 at 844. Therefore, the Court upholds the ALJ's conclusion finding that Plaintiff could return to her past work as an assembly line worker as actually performed.

As to Plaintiff's past work as a housekeeper as actually performed, she argues that since the Dictionary of Occupational Titles ("DOT") classifies working in hotels and homes as "light" *and* "medium" work, she can no longer work as a housekeeper due to the ALJ's "light" RFC assessment.[6] In this vein, Plaintiff claims that the ALJ impermissibly classified the demands of her housekeeping occupation according to the least demanding task (i.e., "light" work in a hotel as opposed to "medium" in a home), which constitutes legal error. To support her argument, Plaintiff relies on Valencia v. Heckler, 751 F.2d 1082, 1086-87 (9th Cir. 1985), for the proposition that an ALJ cannot segregate

---

[5] Dr. Hatakeyama also testified that Plaintiff's depiction of the demands of her past work as an assembly line worker as she actually performed it was consistent with the DOT's classification of an assembly line worker, as generally performed, which classified the job as "light" work. (AR 18).

[6] Plaintiff testified during the hearing that she worked as a housekeeper in both hotels and homes. (AR 15-16). Dr. Hatakeyama's testified that the DOT classifies housekeeping in a home at a "medium" level (No. 301.687-014) whereas housekeeping in a hotel was at a "light" level (No. 321.137-010). (See AR 18, 106).

the particular duties and tasks of a claimant's past work and classify that work based on the least demanding task.

Plaintiff's argument is without merit. Contrary to Plaintiff's assertion, the demands of her past work as a housekeeper in hotels and homes did not require both "light" and "medium" work as *actually* performed; instead, it required "light" and "medium" work as *generally* performed. Since the ALJ only found Plaintiff capable of returning to her past work as a housekeeper as *actually* performed,[7] Plaintiff's reliance on the DOT, which describes occupations as *generally* performed in the national economy, is erroneous.

According to Dr. Hatakeyama, Plaintiff *actually* performed her past work as a housekeeper in *both* homes and hotels at a "light" level; therefore, the Court finds that the ALJ did not err in finding that Plaintiff could return to her past work as a housekeeper in homes as actually performed. (See AR 34-35, 106). Indeed, despite having the burden of proof in showing that she could no longer return to her past work, Plaintiff has not offered any other evidence to refute Dr. Hatakeyama's finding. Instead, as noted above, she erroneously relies on the DOT's classification of her past work as *generally* performed to challenge the ALJ's finding that she could return to her past work as *actually* performed.

Moreover, Plaintiff's reliance on <u>Valencia</u> is misplaced. In <u>Valencia</u>, the court explained that the ALJ erred in classifying the claimant's past occupation as an agricultural laborer according to the least demanding task -- sorting tomatoes -- since sorting tomatoes was just one of the many tasks the claimant performed as an agricultural laborer. 751 F.2d at 1086-87.

In this case, however, the ALJ did no such thing. The ALJ did not impermissibly classify the demands of her housekeeping occupation according to the least demanding task (i.e., "light" work in hotels as opposed to "medium" in homes), because Plaintiff's work as a housekeeper in *hotels* was neither a part of

---

[7] Plaintiff concedes that the ALJ only found that the she could return to such work as *actually* performed.

8

nor one of the many *tasks* she performed as a housekeeper in *homes*; instead, it was, and is, a separate occupation in of itself.  Dr. Hatakeyama's testimony supports this notion when he explained that the DOT separately classifies the demands of housekeeping in hotels (DOT No. 321.137-010) and homes (DOT No. 301.687-014). (See AR 18, 106). Therefore, the ALJ did not impermissibly classify the demands of Plaintiff's housekeeping occupation according to the least demanding task.[8]

Accordingly, the Court finds that the ALJ sufficiently ascertained the demands of Plaintiff's past work, and that Plaintiff can return to her past work as an assembly line worker and housekeeper as actually performed.

## **ORDER**

For the foregoing reasons, the Commissioner's decision is affirmed.

DATED: November 22, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court notes that, even if the ALJ erred in concluding that Plaintiff could return to her past work as a housekeeper in *homes*, as actually performed, this error would be "inconsequential to the ultimate nondisability determination," and therefore harmless since the ALJ found, and Plaintiff does not contest, that Plaintiff could return to *other* past work --  housekeeper in *hotels* -- as actually performed. See Stout v. Soc. Sec. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006); see also Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 434 (9th Cir. 1988) (concluding any error ALJ committed in classifying claimant's past work as "light" was harmless where record supported ALJ's finding that claimant could perform other light work).